IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NETWORK BACKUP CORPORATION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| ALLMYDATA, INC., BEST BUY CO, INC., CARBONITE, INC., EMC CORP., IRON MOUNTAIN, INC., NETMASS, INC., OFFICEW ARE CORP. d/b/a FILEANYWHERE.COM, PRO SOFTNET CORP., and WEBROOT SOFTWARE, INC., | § § § § § § § § § | CIVIL ACTION NO. 2:09-CV-249-TJW<br><br>JURY |
| Defendants. | § § | |

## NETMASS, INC.'S ORIGINAL ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Defendant NetMass, Inc. ("NetMass") hereby responds to the Original Complaint for Patent Infringement (the "Complaint") filed by plaintiff Network Backup Corporation ("NBC") as follows:

### I.  PARTIES

1. NetMass is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint, and therefore denies them.

2. NetMass is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint, and therefore denies them.

3. NetMass is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint, and therefore denies them.

4. NetMass is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint, and therefore denies them.

5. NetMass is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint, and therefore denies them.

6. Admitted, upon information and belief.

7. Admitted.

8. NetMass is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint, and therefore denies them.

9. NetMass is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint, and therefore denies them.

10. NetMass is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint, and therefore denies them.

## II.  JURISDICTION AND VENUE

11. NetMass admits that this purports to be an action for patent infringement under 35 U.S.C. § 271 *et seq.*, and that, pursuant to 28 U.S.C. §§ 1331 and 1338(a) federal district courts have subject matter over patent infringement actions.  NetMass admits that it is subject to the personal jurisdiction of this court.  NetMass admits that it has designed, made or had made on its behalf, and placed software products into the stream of commerce, but specifically denies that any such software products are for practicing the method claimed in NBC's patent-in-suit. NetMass admits that it has sold, advertised, solicited customers, marketed and distributed software products, but specifically denies that these products are for practicing the method

claimed in the patent-in-suit. To the extent not explicitly admitted, NetMass denies all other allegations set forth in paragraph 11.

12. In response to the allegations set forth in paragraph 12, NetMass admits that venue is proper in this district, but does not waive its right to seek a transfer of venue to a more appropriate forum pursuant to 28 U.S.C. § 1404. NetMass is without knowledge or information sufficient to form a belief as to the truth of NBC's allegation that it is a resident of Texas, and therefore denies it.

### III. CLAIMS

13. NetMass incorporates its responses to paragraphs 1-12 as if fully restated herein.

14. NetMass admits that United States Patent Number 5,133,065 ("the '065 patent") is entitled "Backup Computer Program for Networks" and issued on July 21, 1992, with Edward L. Cheffetz and Ronald C. Searls listed as the named inventors. NetMass denies that the '065 patent was duly and lawfully issued. NetMass is without knowledge sufficient to admit or deny the remaining allegations of paragraph 14, and therefore denies them.

15. Admitted, upon information and belief.

16. NetMass is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Complaint, and therefore denies them.

17. NetMass is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint, and therefore denies them.

18. NetMass is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint, and therefore denies them.

19. NetMass is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Complaint, and therefore denies them.

20. NetMass is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Complaint, and therefore denies them.

21. NetMass is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint, and therefore denies them.

22. NetMass is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Complaint, and therefore denies them.

23. NetMass is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Complaint, and therefore denies them.

24. NetMass is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Complaint, and therefore denies them.

25. NetMass is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the Complaint, and therefore denies them

26. Denied.

27. In response to the allegations set forth in paragraph 27, NetMass admits that it offers its "SystemSafe" brand subscription backup service. NetMass admits that the SystemSafe service involves the user downloading software. NetMass admits that it offers its "Systems Backup SE" brand backup service for servers. Except as expressly admitted, all other allegations in paragraph 27 are denied.

28. NetMass is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Complaint, and therefore denies them.

29. NetMass is are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Complaint, and therefore denies them.

30. NetMass is are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the Complaint, and therefore denies them.

31. NetMass is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the Complaint, and therefore denies them.

32. NetMass is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 of the Complaint, and therefore denies them.

33. NetMass is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the Complaint, and therefore denies them.

34. NetMass is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the Complaint, and therefore denies them.

35. As they relate to NetMass, NetMass denies the allegations of paragraph 35. NetMass is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the Complaint as they relate to the other defendants, and therefore denies them.

## IV. PRAYER FOR RELIEF

NetMass denies that NBC is entitled to any relief sought in its prayer, paragraphs (a)-(c), with respect to NetMass.

### V. JURY DEMAND

No response to this paragraph is required.

### AFFIRMATIVE DEFENSES

#### FIRST AFFIRMATIVE DEFENSE:
#### NON-INFRINGEMENT

36. NetMass is not infringing, contributing to the infringement of, and/or inducing others to infringe, either alone or in conjunction with others, and has not infringed, contributed to the infringement of, and/or induced others to infringe, either alone or in conjunction with others, the method claims of the '065 patent, either literally and/or under the doctrine equivalents.

#### SECOND AFFIRMATIVE DEFENSE:
#### INVALIDITY

37. The Asserted Patent and each of the claims of the Asserted Patent are invalid for failing to comply with one or more of the requirements of the Patent Laws of the United States, including but not limited to, one or more of 35 U.S.C. §§ 101, 102, 103, 112, and/or 132.

#### THIRD AFFIRMATIVE DEFENSE:
#### PROSECUTION HISTORY ESTOPPEL

38. NBC's enforcement of one or more of the claims of the Asserted Patent is barred, in whole or in part, by the doctrine of prosecution history estoppel.

#### FOURTH AFFIRMATIVE DEFENSE:
#### LACHES, EQUITABLE ESTOPPEL AND WAIVER

39. NBC's enforcement of one or more claims of the Asserted Patent is barred, in whole or in part, by the equitable doctrines of laches, equitable estoppel and/or waiver.

#### FIFTH AFFIRMATIVE DEFENSE:
#### COSTS FOR INVALID CLAIMS

40. NBC's requested relief is barred or otherwise limited by 35 U.S.C. § 288.

# COUNTERCLAIMS

## I. PARTIES

41. NetMass is a corporation established under the laws of the State of Texas, with its principal place of business at 118 S. Tennessee St., McKinney, Texas 75069.

42. On information and belief, NBC is a corporation organized and existing under the laws of the State of Texas with a place of business located at 911 NW Loop 281, Suite 211, Longview, Texas 75604.

## II. JURISDICTION AND VENUE

43. These counterclaims arise under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, the patent laws of the United States, 35 U.S.C. § 1, et seq., and 28 U.S.C. § 1498(a). An actual, substantial, and continuing justiciable controversy exists between NetMass and NBC that requires a declaration of rights by this Court.

44. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, and 1338.

45. The Court has personal jurisdiction over NBC in light of NBC's filing a Complaint in this District alleging infringement of U.S. Patent No. 5,133,065 (the "'065 patent").

46. To the extent that this action remains in this District, venue is appropriate for the NetMass's counterclaims because NBC has consented to the propriety of venue in this Court by filing its claims for patent infringement in this Court.

## III. FACTUAL BACKGROUND

47. On or about August 18, 2009, NBC filed or caused to be filed an Original Complaint for Patent Infringement (the "Complaint"), initiating an action against, *inter alia*, NetMass, alleging that NetMass has infringed the asserted patent allegedly assigned to NBC.

48. In the Complaint, NBC asserted that NetMass, "either alone or in conjunction with others, has infringed, contributed to the infringement of, and/or induced others to infringe, has infringed, literally and/or under the doctrine of equivalents, one or more of the method claims of the '065 patent in this District and elsewhere in the United States by having made, made on its behalf, designed, offered for sale, sold, provided, maintained and supported its online backup service and software products." Complaint at ¶ 26.

49. In light of the Complaint and the allegations asserted therein, there is an actual and justiciable controversy between NetMass and NBC concerning the non-infringement, invalidity, and unenforceability of the asserted patent.

## IV. FIRST COUNTERCLAIM – DECLARATION OF NON-INFRINGEMENT

50. NetMass incorporates by reference the allegations in paragraphs 41 through 49, inclusive.

51. NetMass does not perform, use, sell, or offer for sale any methods that directly infringe any valid claim of the '065 patent, either literally or under the doctrine of equivalents. NetMass has not indirectly infringed by inducement, or contributing to infringement, any valid claim of the '065 patent.

52. An actual and justiciable controversy exists between NetMass and NBC with respect to the '065 patent. Absent a declaration of non-infringement, NBC will continue to

wrongfully assert the '065 patent against NetMass, and thereby cause NetMass irreparable injury and damage.

53. A judicial determination that NetMass do not infringe any valid claim of the '065 patent is necessary and proper.

## V. SECOND COUNTERCLAIM - DECLARATION OF INVALIDITY

54. NetMass incorporates by reference the allegations in paragraphs 41 through 53, inclusive.

55. Each and every claim of the '065 patent is invalid under the provisions of Title 35, United States Code, including, but not limited to Sections 101, 102, 103, 112, and/or 132.

56. The claims of the '065 patent cannot be validly construed to cover any method performed, used, sold, or offered for sale by NetMass.

57. An actual and justiciable controversy exists between NetMass and NBC with respect to the '065 patent. Absent a declaration of invalidity, NBC will continue to wrongfully assert the '065 patent against NetMass, and thereby cause NetMass irreparable injury and damage.

58. A judicial determination that each and every claim of the '065 patent is invalid is necessary and proper.

## VI. THIRD COUNTERCLAIM - DECLARATION OF UNENFORCEABILITY

59. NetMass incorporates by reference the allegations in paragraphs 41 through 58, inclusive.

60. Pursuant to the doctrine of laches, the '065 patent is unenforceable as against NetMass, due to the unreasonable delay by NBC and/or its predecessor(s) in interest in pursuing the present claim of infringement against NetMass and/or its predecessor(s) in interest.

61. An actual and justiciable controversy exists between NetMass and NBC with respect to the unenforceability of the '065 patent. Absent a declaration of unenforceability, NBC will continue to wrongfully assert the '065 patent against NetMass, and thereby cause NetMass irreparable injury and damage

62. A judicial determination that the '065 patent is unenforceable as against NetMass is necessary and proper.

### VII. FOURTH COUNTERCLAIM – EXCEPTIONAL CASE

63. NetMass incorporates by reference the allegations in paragraphs 41 through 62, inclusive.

64. This is an exceptional case entitling NetMass to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### JURY DEMAND

NetMass hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

### PRAYER FOR RELIEF

WHEREFORE, NetMass requests that this Court enter judgment:

(a) Finding, declaring, and adjudging in favor of NetMass and against NBC and dismissing with prejudice all claims of NBC insofar as they relate to NetMass;

(b) Finding, declaring, and adjudging that NetMass does not, and has not, infringed the claims of the '065 patent;

(c) Finding, declaring, and adjudging that the claims of the '065 patent are invalid;

(d) Finding, declaring, and adjudging that the '065 patent is and unenforceable;

(f) Finding, declaring, and adjudging this to be an exceptional case under 35 U.S.C. § 285, and awarding to NetMass its costs (including expert fees), disbursements, and reasonable attorneys' fees incurred in this action;

(g) Enjoining NBC from litigating any action in any other court against NetMass and/or its customers for infringement of the '065 patent;

(h) Granting such other and further relief as this Court may deem just and proper.

Dated: October 15, 2009  Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

*/s/ C. Erik Hawes*
David J. Levy
State Bar No. 12264850
dlevy@morganlewis.com
C. Erik Hawes
State Bar No. 24042543
ehawes@morganlewis.com
James L. Beebe
State Bar No. 24038708
jbeebe@morganlewis.com
1000 Louisiana, Suite 4000
Houston, Texas 77002
713.890.5000 Telephone
713.890.5001 Facsimile

Thomas R. Davis
State Bar No. 04138384
tdavis@morganlewis.com
1717 Main Street, Suite 3200
Dallas, Texas 75201
214.466.4119 Telephone
214.466.4001 Facsimile

ATTORNEYS FOR DEFENDANT
NETMASS, INC.

## **CERTIFICATE OF SERVICE**

 I certify that a true and correct copy of the foregoing document has been served on all counsel of record via the Court's CM/ECF system on October 15, 2009.

*/s/ C. Erik Hawes*
C. Erik Hawes