IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NETWORK BACKUP CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | |
| ALLMYDATA, INC., | § | Civil Action No. 2:09-cv-00249-TJW |
| BEST BUY CO, INC., | § | |
| CARBONITE, INC., | § | |
| EMC CORP., | § | |
| IRON MOUNTAIN, INC., | § | |
| NETMASS, INC., | § | |
| OFFICEWARE CORP. | § | TRIAL BY JURY DEMANDED |
| d/b/a FILESANYWHERE.COM, | § | |
| PRO SOFTNET CORP., and | § | |
| WEBROOT SOFTWARE, INC., | § | |
| | § | |
| Defendants. | § | |
| | § | |

**DEFENDANT OFFICEWARE CORPORATION'S
ORIGINAL ANSWER AND COUNTERCLAIM**

I.
PRELIMINARY STATEMENT

Any factual allegation admitted to herein is admitted only as to the specific facts in question and not as to any purported conclusions, characterizations, implications or speculations drawn therefrom, wherever stated in the Complaint. Further, the denial of any factual allegation herein may not be construed as an admission of the negative of such allegation.

Officeware Corporation denies each and every allegation contained in the Complaint except as specifically admitted, qualified or otherwise responded to herein. Officeware Corporation's Answer below is organized to track the structure of Plaintiff's Complaint for purposes of convenience and ease of reference only. Officeware Corporation specifically denies any and all

allegations contained in headings or unnumbered paragraphs in the Complaint, if any.

## II.
## ORIGINAL ANSWER

Defendant Officeware Corporation d/b/a FilesAnywhere.com ("Officeware") hereby files its Original Answer to the Complaint filed by Network Backup Corporation ("NBC") in connection with the above-referenced matter, and would respectfully show the Court as follows:

1. Officeware lacks information sufficient to form a belief as to the allegations in Paragraph 1 of the Complaint and therefore denies those allegations.

2. Officeware lacks information sufficient to form a belief as to the allegations in Paragraph 2 of the Complaint and therefore denies those allegations.

3. Officeware lacks information sufficient to form a belief as to the allegations in Paragraph 3 of the Complaint and therefore denies those allegations.

4. Officeware lacks information sufficient to form a belief as to the allegations in Paragraph 4 of the Complaint and therefore denies those allegations.

5. Officeware lacks information sufficient to form a belief as to the allegations in Paragraph 5 of the Complaint and therefore denies those allegations.

6. Officeware lacks information sufficient to form a belief as to the allegations in Paragraph 6 of the Complaint and therefore denies those allegations.

7. Officeware lacks information sufficient to form a belief as to the allegations in Paragraph 7 of the Complaint and therefore denies those allegations.

8. Officeware admits the allegations in Paragraph 8 of the Complaint.

9. Officeware lacks information sufficient to form a belief as to the allegations in Paragraph 9 of the Complaint and therefore denies those allegations.

10. Officeware lacks information sufficient to form a belief as to the allegations in Paragraph 10 of the Complaint and therefore denies those allegations.

11. Officeware admits that this purports to be an action for patent infringement under 35 U.S.C. § 271 *et seq.*, and that, pursuant to 28 U.S.C. §§ 1331 and 1338(a) federal district courts have subject matter over patent infringement actions. Officeware admits that it is subject to the personal jurisdiction of this Court. Officeware admits that it has placed software products into the stream of commerce, but specifically denies that any such software products are for practicing the method claimed in NBC's patent-in-suit. Officeware denies that it has designed, made or had made on its behalf, any software products introduced into the stream of commerce. Officeware admits that it has sold, advertised, solicited customers, marketed and distributed software products, but specifically denies that these products are for practicing the method claimed in the patent-in-suit. To the extent not explicitly admitted, Officeware denies all other allegations set forth in Paragraph 11.

12. In response to the allegations set forth in Paragraph 12, Officeware denies the venue allegations to the extent that they presuppose that patent infringement has occurred. Officeware does not waive its right to seek a transfer of venue to a more appropriate forum pursuant to 28 U.S.C. § 1404. Officeware lacks information sufficient to form a belief as to the allegation by NBC that it is a resident of Texas, and therefore denies such allegation.

13. Officeware repeats and incorporates by reference the responses set forth in Paragraphs 1-12 above as if fully set forth herein verbatim.

14. Officeware admits that the USPTO legally issued Patent No. 5,133,065 ("the '065 Patent") entitled "Backup Computer Program for Networks" on July 21, 1992 as alleged in the first sentence of Paragraph 14 of the Complaint but denies that said patent was "duly" and "lawfully" issued to the extent that such term implies that the '065 Patent is valid and enforceable, which

Officeware denies. Officeware lacks information sufficient to form a belief as to the allegations in the second sentence of Paragraph 14 of the Complaint and therefore denies those allegations. Officeware admits that a true and correct copy of the '065 Patent is attached to the Complaint as Exhibit A.

15. The allegations in Paragraph 15 do not require a response by Officeware. To the extent that the allegations in Paragraph 15 assert any factual or legal basis for relief, Officeware denies those allegations.

16. Officeware lacks information sufficient to form a belief as to the allegations in Paragraph 16 of the Complaint and therefore denies those allegations.

17. Officeware lacks information sufficient to form a belief as to the allegations in Paragraph 17 of the Complaint and therefore denies those allegations.

18. Officeware lacks information sufficient to form a belief as to the allegations in Paragraph 18 of the Complaint and therefore denies those allegations.

19. Officeware lacks information sufficient to form a belief as to the allegations in Paragraph 19 of the Complaint and therefore denies those allegations.

20. Officeware lacks information sufficient to form a belief as to the allegations in Paragraph 20 of the Complaint and therefore denies those allegations.

21. Officeware lacks information sufficient to form a belief as to the allegations in Paragraph 21 of the Complaint and therefore denies those allegations.

22. Officeware lacks information sufficient to form a belief as to the allegations in Paragraph 22 of the Complaint and therefore denies those allegations.

23. Officeware lacks information sufficient to form a belief as to the allegations in Paragraph 23 of the Complaint and therefore denies those allegations.

24. Officeware lacks information sufficient to form a belief as to the allegations in Paragraph 24 of the Complaint and therefore denies those allegations.

25. Officeware lacks information sufficient to form a belief as to the allegations in Paragraph 25 of the Complaint and therefore denies those allegations.

26. Officeware lacks information sufficient to form a belief as to the allegations in Paragraph 26 of the Complaint and therefore denies those allegations.

27. Officeware lacks information sufficient to form a belief as to the allegations in Paragraph 27 of the Complaint and therefore denies those allegations.

28. Officeware denies the allegations in Paragraph 28 of the Complaint.

29. In response to the allegations set forth in Paragraph 29, Officeware admits that it has offered and continues to offer its paid online backup subscription service at its website: www.filesanywhere.com and has offered and continues to offer a number of different service plans. Officeware denies the second sentence of Paragraph 29 of the Complaint as Officeware does not own any backup software to be downloaded by customers but merely offers licensed backup software to its customers. Officeware denies the allegations contained in the third sentence of Paragraph 29 of the Complaint as the software identified and available at Officeware's website is not owned by Officeware but merely licensed. Officeware denies the remaining allegations in Paragraph 29 of the Complaint.

30. Officeware lacks information sufficient to form a belief as to the allegations in Paragraph 30 of the Complaint and therefore denies those allegations.

31. Officeware lacks information sufficient to form a belief as to the allegations in Paragraph 31 of the Complaint and therefore denies those allegations.

32. Officeware lacks information sufficient to form a belief as to the allegations in

Paragraph 32 of the Complaint and therefore denies those allegations.

33. Officeware lacks information sufficient to form a belief as to the allegations in Paragraph 33 of the Complaint and therefore denies those allegations.

34. Officeware lacks information sufficient to form a belief as to the allegations in Paragraph 34 of the Complaint and therefore denies those allegations.

35. As relates to Officeware, Officeware denies the allegations in Paragraph 35 of the Complaint. Officeware lacks information sufficient to form a belief as to the remaining allegations in Paragraph 35 of the Complaint and therefore denies those allegations.

Prayer for Relief. This section of the Complaint constitutes prayers for relief which do not require a response. To the extent this section may be deemed to allege any facts or any factual or legal entitlements to the relief requested, Officeware denies such allegations. Specifically, Officeware denies that NBC is entitled to any of the relief requested.

Demand for Jury Trial. Officeware joins NBC's request for a jury trial on all issues triable by jury.

## III.
## AFFIRMATIVE DEFENSES

36. The Complaint fails to state a claim upon which relief can be granted.

37. Officeware has not infringed, either directly, contributorily or by inducement, any valid claim of the '065 Patent.

38. The '065 Patent is invalid for failure to comply with the requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112.

39. The claims of the '065 Patent and each of them are not directed to patentable combinations but are directed to mere aggregations of parts, steps, means or elements which were

matters of common knowledge in the art to which said patent relates before the alleged invention and more than one year prior to the date of the application for such patent.

40. Given the prior art existing at the time the alleged invention of the '065 Patent was made, the subject matter as claimed in the '065 Patent would have been obvious to a person skilled in the art to which the alleged invention relates and does not constitute a patentable invention.

41. Any claims of the '065 Patent which may be held to be valid are so restricted in scope that Officeware has not infringed said claims directly, contributorily or by inducement, either literally or under the doctrine of equivalents.

42. NBC's claims for relief are barred, in whole or in part, by the equitable doctrines of laches, estoppel, and/or waiver.

43. NBC's enforcement of one or more of the claims of the '065 Patent is barred, in whole or in part, by the doctrine of prosecution history estoppel.

44. NBC's claims for damages and/or relief are barred or otherwise limited by 35 USC §§ 286, 287 and 288.

## IV.
## COUNTERCLAIM FOR DECLARATORY JUDGMENT

45. Officeware repeats and realleges Paragraphs 36 through 44 hereof as if fully set forth herein verbatim.

### A. PARTIES

46. Officeware is a corporation established under the laws of the State of Texas, with its principal place of business at 8600 Freeport Parkway, Suite 220, Irving, Texas 75063.

47. On information and belief, NBC is a corporation organized and existing under the laws of the State of Texas with a place of business located at 911 NW Loop 281, Suite 211,

Longview, Texas 75604.

## B. JURISDICTION AND VENUE

48. This Court has jurisdiction over the subject matter of these claims pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202. Plaintiff NBC has sued Defendant Officeware, among other defendants, for federal patent infringement.

49. Upon information and belief, NBC is the owner of United States Patent No. 5,133,065 ("the '065 Patent").

50. As evidenced by NBC's original Complaint herein and Officeware's Answer thereto, there exists a real and actual controversy between NBC and Officeware concerning the validity, enforceability and alleged infringement of the '065 Patent.

51. This case qualifies as an exceptional case supporting an award of reasonable attorneys' fees, costs and expenses for Officeware against NBC pursuant to 35 U.S.C. § 285.

WHEREFORE, Officeware respectfully prays that this Court:

  a. Dismiss NBC's action against Officeware in its entirety with prejudice;

  b. Declare that Officeware has not infringed the '065 Patent;

  c. Declare that the '065 Patent is invalid and unenforceable;

  d. Award Officeware its costs and attorneys' fees; and

  e. Grant Officeware such other and further relief as it deems just and proper.

## V.
## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and the Local Rules of this Court, Defendant / Counter-Plaintiff Officeware Corporation demands a trial by jury on all issues triable to a jury.

Dated: November 30, 2009

Respectfully submitted,

CHALKER FLORES, LLP

By: _____
Scott A. Meyer
Texas Bar No. 24013162
Thomas G. Jacks
Texas Bar No. 24067681
2711 LBJ Freeway, Suite 1036
Dallas, Texas 75234
(214) 866-0001
(214) 866-0010 (Fax)
smeyer@chalkerflores.com
tjacks@chalkerflores.com

**ATTORNEYS FOR OFFICEWARE CORPORATION**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 30th day of November, 2009, a true and correct copy of the foregoing document was served on counsel of record in accordance with the Federal Rules of Civil Procedure and this Court's ECF system:

_____
Scott A. Meyer